Mark W. Skanes (SBN 322072)
**ROSEWALDORF LLP**
4100 W. Alameda Ave
Suite 300 PMB 1038
Burbank, California 91505
Telephone: (518) 869-9200
Facsimile: (518) 869-3334
Email: mskanes@rosewaldorf.com
       calimail@rosewaldorf.com

Attorneys for Defendant TESLA, INC. (incorrectly named herein as Tesla Motors, Inc.)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ROSALES,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>TESLA MOTORS, INC.; and DOES 1 through 100, Inclusive,<br><br>　　　　Defendants. | Case No.: 3:24-cv-8973<br><br>(Removed from San Mateo County Superior Court, Case No. 24-CIV-07020)<br><br>**DEFENDANT TESLA, INC.'S NOTICE OF REMOVAL** |

## **NOTICE OF REMOVAL**

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant TESLA, INC. (incorrectly named herein as Tesla Motors, Inc. ["Tesla"]), by its counsel, ROSEWALDORF LLP, hereby removes to this Court, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, based upon diversity of citizenship, the claims pending as Case No. 24-CVI-07020 of the Superior Court of California, County of San Mateo. In support of this removal, Tesla states as follows:

///

///

## I. THE REMOVED CASE

1. The removed case is a civil action commenced in the Superior Court of California, County of Orange, by Plaintiff OSCAR ROSALES ("Plaintiff") against TESLA, INC., entitled *OSCAR vs. TESLA MOTORS, INC.; and DOES 1 through 100*, Case No. 24-CIV-07020 (the "State Action"). The only named Defendant is Tesla.

2. Plaintiff filed the State Action on November 7, 2024, asserting claims against Defendant Tesla for violation of California's Song-Beverly Consumer Warranty Act ("Song-Beverly") and for negligent repair (Compl., Exhibit "A" to the Declaration of Mark W. Skanes ["Skanes Decl."], served and filed herewith.)

3. Pursuant to 28 U.S.C. § 1332, a federal district court will have original jurisdiction over all "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States . . . ." A corporation is deemed a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c).

## II. PROCEDURAL REQUIREMENTS

4. Generally, a defendant has thirty (30) days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C § 1446(b)(3).

5. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders for the State Action in Tesla's possession are contained in Exhibits A–D filed herewith. (Skanes Decl. ¶¶ 5–8).

6. Pursuant to 28 U.S.C. § 1446(a), venue is proper in the Northern District of California because this district embraces the place in which the State Action has been pending.

///

7. Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Superior Court of California, County of San Mateo, promptly after filing of same in this Court.

8. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of same in this Court.

9. If any question arises as to the propriety of the removal of this action, Tesla requests the opportunity to conduct discovery, brief any disputed issues and to present oral argument in favor of its position that this case is properly removable.

10. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Tesla's right to assert defenses including, without limitation, the defenses of (i) lack of jurisdiction over person, (ii) improper venue and/or *forum non conveniens*, (iii) insufficiency of process, (iv) insufficiency of service of process, (v) improper joinder of claims and/or parties, (vi) failure to state a claim, (vii) failure to join indispensable party(ies), or (viii) any other procedural or substantive defenses available under state or federal law.

### III. THE AMOUNT IN CONTROVERSY FOR DIVERSITY JURISDICTION IS MET

11. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

12. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.,* 775 F.3d 1193, 1195 (9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 554 (2014)). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart, supra*, at 553.

13. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.,* 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). A defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Absent the facial showing from the complaint, the court may consider facts averred in the removal petition. *Id*. Next, if the defendant's allegation(s) regarding the amount in controversy is challenged, then "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Ibarra, supra,* at 1195. At that time, "it may be appropriate to allow discovery relevant to [the] jurisdictional amount prior to remanding." *Abrego, supra,* at 691. (internal citation omitted).

14. Tesla disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Tesla can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id*.

15. In the Complaint, Plaintiff seeks monetary relief. Plaintiff asserts claims for breach of express and implied warranties and violation of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790 *et seq.*) based upon alleged defects in a Tesla Model 3 along with a claim for negligent repair (*see* Compl., *generally*).

16. Plaintiff seeks rescission of the sales contract, restitution, civil penalties "in a sum twice the amount of actual damages," consequential and incidental damages, general damages, reasonable attorney's fees and costs, along with pre-judgment and post-judgment interest (Compl., *Prayer*). *See* Cal.Civ. Code §§ 1793.2, 1794(b)(2). *see also* Cal.Civ.Code § 1794(c).

17. Where, like here, a claim is asserted under the Song-Beverly Warranty Act, the court may consider actual damages and civil penalties under the Song-Beverly

Warranty Act in determining the amount in controversy. *See Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1009 (N.D.Cal. 2002). Moreover, this Court may also consider reasonable estimates of attorneys' fees in calculating the amount in controversy. *See Alvarado v. TESLA LLC*, 2017 WL 2495495 (C.D.Cal. 2017), citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998)*; Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699-700 (9th Cir. 2007). The Song-Beverly Act allows for the recovery of attorneys' fees, which commonly exceed $25,000 (Skanes Decl. ¶ 12).

18. As alleged in the Complaint, in connection with their claims under Song-Beverly, Plaintiff seeks reimbursement of the price paid, restitution damages, incidental and consequential damages, and reasonable attorneys' fees and costs (Compl., Prayer). Therefore, Plaintiff is allegedly seeking a minimum of $43,491.96 restitution which is calculated as the total amount paid for the vehicle ($44,178.41 (*see* Retail Installment Contract, Line 5, Exhibit "E" to Skanes Decl.), finance charges of $4,468 (paid to date of a total $12,096.23 total finance charges), and less a reasonable allowance for use in the amount of $5,154.45. [1] *See* Cal.Civ.Code § 1793.2(d)(2)(B).

19. A civil penalty of two times the claimed actual damages would equal $86,983.92. Taken together, Plaintiff's claims for actual damages and civil penalties equals $129,535.23, even before considering unspecified incidental and consequential damages that Plaintiff seeks in this matter. *See Kirzhner v. Mercedes-Benz USA, LLC*, 9 Cal. 5th 966 (holding that a consumer is entitled to recover incidental damages under Civ Code § 1794 if they were incurred and paid as a result of a manufacturer's failure to promptly provide a replacement vehicle or restitution under Song-Beverly, including the costs of registration and renewal).

---

[1] Defendant anticipates that Plaintiff will argue the first attempted repair occurred on February 21, 2024 at 15,607 miles. Therefore, the mileage offset would equal $5,154.45 calculated by taking 15,592 miles (the mileage at the first alleged repair less the 15 miles at delivery) divided by 120,000 multiplied by the purchase price of $39,670.00 (Retail Installment Sales Contract, Line 1.A, Ex. "E" to Skanes Decl.).

20. Furthermore, Plaintiff is also seeking attorneys' fees, which commonly exceed $25,000 in Song Beverly cases (Skanes Decl., ¶ 12).

21. Based upon the foregoing, Defendant has demonstrated that the total amount in controversy exceeds $75,000 and removal is proper.

22. Independent from Defendant's showing above, Plaintiff's own allegations demonstrate that the amount in controversy exceeds $75,000. Specifically, Plaintiff alleges they seeks at least $25,001 in actual damages (*see* Complaint at ¶ 15). This alleged amount is in addition to the civil penalty they seek that equals $50,002 (*i.e.*, "two times" the alleged actual damages of $25,001). Importantly, according to Plaintiff's own allegations, there is no question that they are entitled to this full "two times" civil penalty based upon the allegation that Tesla's failure to comply with the statute was "willful" (*see* Complaint ¶ 18). Moreover, Plaintiff seeks incidental damages and attorneys' fees (*see* Compl. Prayer).

23. Accordingly, on the face of the Complaint and by Plaintiff's own allegations, they are "entitled" to both $25,001 in actual damages and a full "two times" that amount (an additional $50,002) as a civil penalty.

24. Based on the foregoing, Defendant has demonstrated by both a detailed calculation and independently by the face of the Complaint, that the amount in controversy exceeds $75,000 even without considering attorneys' fees. At the very least, unless Plaintiff concedes that these allegations are frivolous, Plaintiff is estopped from arguing that the amount in controversy has not been met.

## IV.     COMPLETE DIVERSITY EXISTS

25. The basic requirement in diversity cases is that all plaintiffs be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *See Kanter v.*

*Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001). A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. *See, e.g.*, *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).

26. A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. §1332(c)(1). A corporation's principal place of business refers to the place where its high-level officers "direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). "[T]he citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members." *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998) cited by *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) and *GMAC Comm'l Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004).

27. A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of Plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable . . .." *See* 28 U.S.C. §1446(b)(3).

28. As noted above, a party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. *See, e.g.*, *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). "It is assumed … that a person's current residence is also his domicile." 13E Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure §3612 (3d. ed. 2013).

29. Plaintiff is and was at the time of filing of the Complaint, a citizen and resident of California. (Compl., ¶ 2, *see also* Skanes Decl., ¶ 9 & Exhibit "E" [demonstrating Plaintiff's domicile in San Mateo County]; *Ervin v. Ballard Marine Constr., Inc.*, No. 16-cv-02931-WHO, 2016 WL 4239710, at *3-4 (N.D.Cal. 2016) [internal citations omitted] (Plaintiff's complaint stated only that he was a resident of

Oregon, it made no statement as to Plaintiff's citizenship. The Court found that for diversity purposes a plaintiff is a citizen of the state in which he or she resides in the absence of evidence to the contrary.)).

30. Tesla is, and was at the time Plaintiff commenced this action, incorporated under Texas law with its principal place of business in Texas.

31. Accordingly, diversity existed between Plaintiff and Tesla as of the time this action was filed, as well as the date of this notice. *See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).

## V.    CONCLUSION

29. The State Action may be removed to this Court by Tesla in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the Northern District of California, (ii) the action involves diversity jurisdiction because the parties are citizens of different states, and (iii) the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

Dated: December 11, 2024                    **ROSEWALDORF LLP**

                                            By: /s/Mark W Skanes
                                            Mark W. Skanes
                                            Attorney for Defendant